AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jorge Yunior Molina Pineda<br><br>Defendant(s) | Case No. 8:24-mj-2788 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **November 12, 2024** in the county of **Pasco** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 118 U.S.C. § 111(a)(1) and (b) | Assault with a Deadly and Dangerous Weapon on a Federal Officer |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

John Riyad, FBI Task Force Officer
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: **November 15, 2024**

_____
Judge's signature

City and state: Tampa, Florida

Amanda Arnold Sansone, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Task Force Officer John Riyad of the Federal Bureau of Investigation (FBI), being duly sworn, depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I am employed as a detective with the Pasco Sheriff's Office and have been employed since June of 2013. I am assigned as a Task Force Officer with the FBI and have been assigned in this capacity since October of 2020. I am currently assigned to the FBI Tampa field office in Tampa, Florida.

2. As an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), I am empowered by law to conduct investigations of, and to make arrests for, violations of federal statutes.

3. I have received extensive training in the investigation of federal offenses, including drug trafficking, violent crimes, gangs, and firearms offenses. Furthermore, during these and other investigations, I have reviewed evidence from seized cellular telephones, reviewed cell site data, monitored phone pings, and consulted with other agents and law enforcement officers who have seized and/or reviewed evidence from cellular telephones. I have participated in various aspects of investigations, including conducting surveillance, analyzing information obtained

from court-ordered pen register/trap and trace intercepts, and analyzing telephone toll information obtained as a result of administrative subpoenas issued by the FBI. I am authorized by law or by a government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

## STATUTORY AUTHORITY

4. I submit this affidavit in support of a criminal complaint charging that on or about November 12, 2024, in the Middle District of Florida, the defendant, **Jorge Yunior Molina Pineda**, did forcibly assault, resist, oppose, impede, intimidate, or interfere with two United States Border Patrol Agents, who were and are officers or employees of the United States or of any agency in any branch of the United States Government, while the Border Patrol Agents were engaged in their official duties or on account of the performance of their official duties, with deadly and dangerous weapons, to wit, motor vehicles on an interstate highway, and his acts resulted in physical contact with the Border Patrol Agents, in violation of 18 U.S.C. § 111(a)(1) and (b).

5. I am familiar with the facts and circumstances of this investigation either as a result of my personal involvement or as a result of other information made available to me from other sources, including investigative reports and reports from other law enforcement personnel. Thus, the information provided herein is based upon this combined knowledge, as well as my experience and background. This affidavit is intended only to show that there is probable cause for the issuance of a criminal

complaint against **Jorge Yunior Molina Pineda** for the crime of Assault with a Deadly and Dangerous Weapon on a Federal Officer, in violation of 118 U.S.C. § 111(a)(1) and (b).

## PROBABLE CAUSE

6.　In or about the morning of November 12, 2024, two uniformed Border Patrol Agents were stationed in a marked Border Patrol cruiser on Interstate 75 in Pasco County, Florida. During this routine patrol, they noticed a Honda Accord bearing Texas plates SLH-2076 pass their location. The Border Patrol Agents searched the license plate information in law enforcement databases. That search revealed that **Molina Pineda** was the registered owner of the vehicle. One of the Border Patrol Agents ran a search for **Molina Pineda** and the registered address for the vehicle in law enforcement databases to find **Molina Pineda**'s date of birth. That search yielded one person with a known birthdate, whose name and address matched the registered owner's. The Border Patrol Agent then looked up **Molina Pineda** using that birthdate in immigration databases and found that **Molina Pineda** had been removed on or about June 17, 2019, through Houston, Texas. The Border Patrol Agents subsequently initiated a traffic stop of **Molina Pineda**'s vehicle on the side of Interstate 75 southbound, near mile marker 293, in Pasco County, Florida.

7.　The Border Patrol Agents approached the driver's side of **Molina Pineda**'s vehicle. **Molina Pineda** sat in the driver's seat and had no passengers with him. At the driver's side window, the Border Patrol Agents questioned **Molina**

**Pineda** as to his citizenship. **Molina Pineda** presented a Honduras Passport (G890283), bearing his name. When the Border Patrol Agents asked him if he had legal permission to enter or remain in the United States legally, **Molina Pineda** stated he did not.

8. At or about 10:42 a.m., the Border Patrol Agents attempted to take **Molina Pineda** into custody. They told **Molina Pineda** to get out of his car, but he hesitated and stalled. As he hesitated, the Border Patrol Agents repositioned themselves in a manner to try to keep **Molina Pineda** on the driver's side of the vehicle and prevent him from running around them. In response, **Molina Pineda** stepped out of the vehicle, pulled away from the grasp of the two Border Patrol Agents, and pushed their hands away from his body. **Molina Pineda** then grabbed and attempted to push the Border Patrol Agents into oncoming traffic on Interstate 75. **Molina Pineda** did so to facilitate his escape from custody, as he then fled the scene on foot. Based on my training, experience, and knowledge of the investigation, I believe that the vehicles traveling on Interstate 75 during **Molina Pineda**'s encounter with the Border Patrol Agents were deadly and dangerous weapons because they could cause death or serious bodily injury to the Border Patrol Agents upon collision.

9. On or about November 14, 2024, the Charlotte County Sheriff's Deputies arrested **Molina Pineda** for resisting arrest with violence. The deputies booked him into Charlotte County Jail and fingerprinted him. They submitted those

4

fingerprints into Department of Homeland Security and Federal Bureau of Investigations biometric identification databases, which show that the fingerprints matched those taken at **Molina Pineda**'s previous removal. Border Patrol Agents have reviewed Department of Homeland Security and Federal Bureau of Investigation databases, which do not show that **Molina Pineda** ever requested or obtained permission from the Attorney General, the Secretary of the Homeland Security, or any other immigration official for readmission to the United States after his removal.

10. Based on the above, I submit that probable cause exists that **Jorge Yunior Molina Pineda** committed the offense described in 18 U.S.C. § 111(a)(1) while using a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b).

## CONCLUSION

11. Based upon the foregoing, I respectfully submit that there is probable cause for the Court to issue the requested criminal complaint.

_____
John Riyad
Task Force Officer
Federal Bureau of Investigation

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 41(d) before me this _15_ day of November, 2024.

_____
Amanda Arnold Sansone
United States Magistrate Judge